UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MICHAEL
HERRON, II,

        Plaintiff

v.

DAN WILKINSON, JOHN
DITCHMAN, and GARY
BALIAN,

        Defendant.

_____/

Civil Action No.: 17-10091
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT GARY BALIAN'S MOTION TO DISMISS [ECF NO. 17]

Plaintiff Shawn Michael Herron, II, filed a complaint on January 11, 2017, naming Gary Balian as a defendant. [ECF No. 1]. But Herron never served Balian with the complaint; the summons against Balian was returned unexecuted. [ECF No. 4]. Balian moves to dismiss pursuant to Federal Rule of Civil Procedure 4(m). [ECF No. 17]. That rule provides that, if a defendant is not served within 90 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows good cause for the failure. Rule 4(m). Herron's response

does not address his failure to serve Balian; Herron neither requests more time nor provides good cause for his failure to serve. [ECF No. 19]. In addition, it has been far more than 90 days since Herron filed his complaint, so granting Herron more time to serve Balian is not warranted.

The Court thus **RECOMMENDS** that Balian's motion to dismiss [ECF No. 17] be **GRANTED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 31, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2017.

                                                                   s/Marlena Williams
                                                                   MARLENA WILLIAMS
                                                                   Case Manager