UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MICHAEL HERRON, II,

    Plaintiff,

                        Civil Action No. 17-10091
                        Honorable Matthew F. Leitman
                        Magistrate Judge Elizabeth A. Stafford

v.

JOHN DITCHMAN, *et al*

    Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NOS. 25, 30]**

**I.    INTRODUCTION**

Plaintiff Shawn Michael Herron, II, a prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated during his treatment at the McLaren Lapeer Region Medical Center. [ECF No. 1]. He claims that Defendants John Ditchman and Dan Wilkinson restrained and tortured him with repeated injections while he was hospitalized at McLaren for a court-ordered mental health evaluation. [*Id.,* PageID.5]. Defendants move for summary judgment, arguing that the applicable statute of limitations

expired before the suit was filed. [ECF Nos. 25; 30]. The Court agrees and recommends that defendants' motions for summary judgment be granted.

## II. ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a summary judgment motion, the Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The applicable statute of limitations for a Section 1983 civil rights action is "the state statute of limitations governing actions for personal injury." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.1988). The Sixth Circuit has held that Michigan's three-year limitations period for personal injury claims is the applicable statute of limitations for § 1983 actions that arise in Michigan. *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir.2008) (citing Mich. Comp. Laws. § 600.5805(10)). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune*, 842 F.2d at 905.

Defendants attach records to their motions for summary judgment showing that Herron's hospitalization began on February 14, 2013. [ECF No. 25-2; ECF No. 30-2].  Herron likewise alleges that the defendant forcibly tortured him with injections in mid-February 2013.  [ECF No. 1, PageID.4-5].  Thus, the three year statute of limitations expired on February 14, 2016, but Herron did not file this claim until January 11, 2017—almost one year after the expiration of the limitation period.  In response to Ditchman's motion, Herron states that there has been no corrective action with regard to the "criminal behavior" of the defendants and their unnamed accomplices.  [ECF No. 28].  But he cites no legal authority that would allow this case to proceed when he filed his complaint beyond the three year statute of limitations.  Defendants' motions for summary judgment should therefore be granted.

### III. CONCLUSION

For the foregoing reasons, defendants' motions [ECF No. 25; ECF No. 30] should be **GRANTED.**

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 27, 2018

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2018.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
