UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MICHAEL HERRON
II,

        Plaintiff,           Civil Action No. 17-10091
                                Honorable Matthew F. Leitman
v.                            Magistrate Judge Elizabeth A. Stafford

JOHN DITCHMAN, *et al.,*

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS DEFENDANT "JOHN DOE"

On January 11, 2017, Plaintiff Shawn Michael Herron filed his *pro se*

complaint against Defendants John Ditchman, Dan Wilkinson, Gary Balian,

and John Doe alleging that his Eighth Amendment rights were violated

during his treatment at the McLaren Lapeer Region Medical Center.  [ECF

No. 1].  This action was referred to the undersigned to resolve all pretrial

matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  [ECF No. 8].  The

three named defendants in this matter have been dismissed, [ECF Nos. 22,

35], leaving only one remaining unnamed defendant, "John Doe."

On September 11, 2018, Herron was ordered to properly identify and

provided an address for the John Doe defendant by September 25, 2018.

[ECF No. 36].  He was warned that failure to do so could result in the

unidentified defendant being dismissed from this suit for failure to timely serve under Fed. R. Civ. P. 4(m) and/or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See Shepherd v. Voitus*, No. 4:14 CV 866, 2015 WL 4599609, at *1 (N.D. Ohio July 29, 2015) ("Failure to serve 'John Does' coupled with failure to request an extension of time to do so permits the court, on its own motion, to dismiss the action against the 'John Doe' defendants without prejudice.") (citing *Petty v. County of Franklin, Ohio,* 478 F.3d 341, 344 (6th Cir. 2007)). Herron has neither provided the required information nor otherwise responded to the order.

The Court therefore **RECOMMENDS** that "John Doe" be **DISMISSED** from this action.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 11, 2018

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

3

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 11, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager